ROSS B. McLEAN, RESPONDENT, v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK, APPELLANT.

Submitted March 17, 1920—Decided June 15, 1920.

The city of Newark is not liable for materials furnished and labor performed on orders issued by the chairman of the public building committee of the common council of the city, the orders not having been authorized by the city, nor by the committee of which he was chairman; the common council not having ratified the chairman's action, nor having paid any like orders. *New Jersey Car Spring, &c., Co.* v. *Mayor, &c., of Jersey City,* 64 *N. J. L.* 544, and *Jersey City Supply Co.* v. *Mayor, &c., Jersey City,* 71 *Id.* 631, followed and applied; *Frank* v. *Board of Education of Jersey City,* 90 *Id.* 273, distinguished.

On appeal from the Essex County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the appellant, *Nathan Kussy* and *William J. Kearns.*

For the respondent, *Edward L. Davis.*

The opinion of the court was delivered by

BLACK, J. The plaintiff sued the defendant for materials furnished—plumbers' supplies—and labor performed upon a book account, amounting to $1,065.12, consisting of six items or orders—the largest in amount being $353.60 and the smallest $29.82. The trial resulted in a verdict for the plaintiff. From that judgment entered on the verdict the defendant appeals. The meritorious question involved is, Whether it was error for the trial court to refuse to nonsuit the plaintiff or direct a verdict for the defendant? We think it was error.

The plaintiff's claim is based upon six orders received from Thomas J. Lee, Jr., chairman of the public buildings com-

mittee of the common council of the city of Newark. The orders were given between January 29th and June 12th, 1916. The orders referred to plumbing and heating work on the heating system in the city hall of Newark. Some of the work was done in the main building and some in a boiler room connected with the main building by a tunnel. The plumbing work in the two adjacent buildings being connected and forming one general heating system. On May 15th, 1916, three of the orders were issued amounting to $749.45. The orders were for work and materials. The acting clerk of the common council, in 1915 and 1916, testified the orders were not authorized by the city of Newark, nor by the committee of which Lee was chairman. The common council never ratified Lee's action. Previous bills presented by Mr. McLean and paid had been authorized by the city. They were then presented to the common council and approved. The problem for solution, therefore, is, Is the city of Newark liable under this state of facts for these bills? We think it is not. The case is controlled by the cases in our Court of Errors and Appeals. *New Jersey Car Spring, &c., Co.* v. *Mayor, &c., of Jersey City,* 64 *N. J. L.* 544, and *Jersey City Supply Co.* v. *Mayor, &c., of Jersey City,* 71 *Id.* 631. The case falls within the rule laid down in these cases, viz., a municipal corporation cannot be held bound, by either an express or an implied contract, in defiance of express restrictions, imposed by law, as limitations upon the powers of the corporate agents, through whose instrumentality the contract is sought to be derived.

It does not come within the rule applied in the case of *Frank* v. *Board of Education of Jersey City,* 90 *N. J. L.* 273. That case is clearly distinguished in vital points, from the facts of the present case. There, an agency was created by implication and the acts of the agent so created were by implication ratified by the municipality. No such state of facts exists in the case under discussion. The judgment entered in the court below is therefore reversed and a *venire de novo* issued.